**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mary Jones,

      Plaintiff(s),

v.

Governor Joe Lombardo, et al.,

      Defendant(s).

Case No. 2:26-cv-01239-MMD-NJK

**ORDER**

[Docket No. 5]

Pending before the Court is Plaintiff's motion to appoint counsel.  Docket No. 5.[1]

A litigant does not have a constitutional right to counsel to pursue civil rights claims.  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request[2] an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Court will request an attorney for indigent civil litigants in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare."  *See* Oxford English Dictionary (Oxford Univ. Press 2015).  When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970.  "Neither of these considerations is dispositive and instead must be viewed together."  *Id*.

This case is centered on allegations that Plaintiff was wrongfully denied unemployment benefits and that her efforts to reverse that decision (by contacting the Governor's Office and

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] To be clear, the Court does not "appoint" counsel in civil cases.  The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants."  *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

1

appealing through the state court system) were unsuccessful.  Docket No. 1-1 at 1-2.  Plaintiff is seeking $5,032, which may be the unemployment money that she was denied. See Docket No. 1-2.  In screening Plaintiff's complaint, the Court explained that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise, and that challenging a denial of unemployment benefits is not properly done in federal court.  Docket No. 3 at 2.  As a result, the Court found that the complaint had not shown that there is a justiciable controversy that can be decided in federal court.  *Id.* at 2-3.  Although the Court noted further that it did not appear that the deficiencies identified could be cured, it provided Plaintiff an opportunity to amend if she believed she could do so.  *See id.* at 3.  For the reasons stated in the screening order, Plaintiff has not shown that she is likely to succeed on the merits.  The Court also finds that the issues raised are not complex.  While Plaintiff describes herself as being elderly and disabled, she is sufficiently able to address the issues and present her arguments.

Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
Nancy J. Koppe
United States Magistrate Judge