# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mary Jones,

      Plaintiff(s),

v.

Governor Joe Lombardo, et al.,

      Defendant(s).

Case No. 2:26-cv-01239-MMD-NJK

**Report and Recommendation**

On April 23, 2026, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), dismissing it with leave to amend. Docket No. 3. Plaintiff filed an amended complaint. Docket No. 7.

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the

complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

It is well-settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Similarly, seeking relief from a denial of unemployment benefits is not properly done in federal court. *See, e.g.*, *Zeigler v. DETR – Pandemic Unemployment Assistance*, 2022 WL 18863900, at *1 (D. Nev. Mar. 21, 2022), *adopted*, 2022 WL 18863927 (D. Nev. May 10, 2022).

In this case, Plaintiff alleges that she was injured on the job, but that her employer indicated instead that she was pregnant. *See* Docket No. 7 at 4. Plaintiff alleges that she was then denied unemployment benefits[1] and that her efforts to reverse that decision (by contacting the Governor's Office and appealing to the trial court for the county) were unsuccessful. *See id.*; *see also id.* at 7-9 (exhibits). Plaintiff alleges that the process by which she was denied unemployment benefits amounted to a violation of her Fourteenth Amendment rights. *See id.* at 3. The amended complaint does not set forth a discernible form of relief that Plaintiff seeks, *see id.* at 5, but she appears to be seeking an award of her unemployment benefits, *see* Docket No. 1-2 (civil cover sheet). Plaintiff is at bottom seeking this Court's reversal of a state trial court decision, which is not relief that can be properly sought in this federal court.

Hence, the allegations in the complaint does not create a justiciable controversy that can be decided in federal court. Moreover, further amendment would be futile. Accordingly, the

---

[1] Although not entirely clear, it appears that Plaintiff's claims may have been dismissed for nonappearance. *See* Docket No. 7 at 8.

undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to Plaintiff seeking relief in an appropriate forum.

Dated: May 28, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).